FRANKLIN M. DREW, Judge of Probate,

*vs.*

REGIS PROVOST, and others.

Androscoggin.    Opinion January 4, 1904.

*Probate Court,* Decree of Distribution Annulled,—No action for distributive share.

After a decree of distribution made by the Probate Court has been annulled by that court, which annulment, under the circumstances of the case was within the power of that court, as decided in the preceding case, an action brought after the decree had been annulled to recover a distributive share under that decree, cannot be maintained.

See case ante p. 415. *Bergeron, Applt., Estate of Caroline Cote.*

On report.    Plaintiff nonsuit.

Debt on administrator's bond to recover the distributive share of Magloire Cote, husband of Caroline Cote, his wife.

The facts will be found in previous case, p. 415.

*H. W. Oakes, J. A. Pulsifer and F. E. Ludden,* for Cote.

Counsel cited: R. S., c. 63, § 25; *Bradbury* v. *Jefferds,* 15 Maine, 215; *Williams, Judge, etc.,* v. *Cushing,* 34 Maine, 375; *Clark, Adm'r,* v. *Pishon,* 31 Maine, 503; *Sturtevant* v. *Tallman,* 27 Maine, 79; *Whitiker* v. *Bliss,* R. I. Sup. Court; *Pettee* v. *Wilmarth,* 5 Allen, 144; *Pierce* v. *Prescott,* 128 Mass. 140, and cases cited; *Knowlton* v. *Johnson,* 46 Maine, 489, is not in issue here.

*J. G. Chabot; D. J. McGillicuddy and F. A. Morey,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, PEABODY, JJ.

WISWELL, C. J. This is an action brought by the Magloire Cote, referred to in the opinion in the previous case, in the name of the judge of probate against the administrator of his deceased wife's estate, to recover the distributive share decreed him by the first order of distribution referred to in the previous case.

The decision of that case is decisive of this. This action was brought on Dec. 21, 1900. At that time the decree upon which this action was based had been annulled and revoked by the judge of probate who made the decree, for the reasons stated in the last case, which act, as has been decided, was within the power of the Probate Court.

Neither could the action be maintained upon the second decree, because at the time it was commenced an appeal had been taken from that decree to the Supreme Court of Probate, which appeal stayed the decree pending the decision of the appeal. That appeal now having been decided, the plaintiff in this case can, of course, commence a new action to recover his distributive share if the administrator should fail to comply with the order of distribution which has been affirmed by the appellate court.

In accordance with the stipulation of the report, the entry will be,
*Plaintiff nonsuit.*